**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EFRAT INVESTMENTS LLC, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HUB CYBER SECURITY LTD., <br><br> Defendants. | Case No. 1:23-cv-05764-AS |
| DUSTIN GREEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HUB CYBER SECURITY LTD. f/k/a HUB CYBER SECURITY (ISRAEL) LTD., EYAL MOSHE, HUGO GOLDMAN, UZI MOSCOVICH, ZEEV ZELL, MOSHE RAINES, MANISH AGARWAL, and MOTI FRANKO, <br><br> Defendants. | Case No. 1:23-cv-06668-AS |

**ARYEH AGAM AND SHIMON AHARON'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Lead Plaintiff Movants Aryeh Agam and Shimon Aharon ("Agam and Aharon") submit this memorandum of law in opposition to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 18, 24).

## I.    INTRODUCTION

Three groups of investors filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Agam and Aharon (Dkt. No. 21); Reese Tripp and Rodrigue Fodjo ("Tripp and Fodjo," Dkt. No. 24); and Efrat Investments LLC and Gerard Smith ("Efrat and Smith," Dkt. No. 18). However, both competing groups, Tripp and Fodjo and Efrat and Smith, subsequently filed notices informing the Court that they do not oppose Agam and Aharon's motion. *See* Dkt. Nos. 31, 32. As such, they have effectively abandoned their motions and only Agam and Aharon are still seeking appointment as lead plaintiff.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or group with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

As demonstrated in Agam and Aharon's memorandum of points and authorities in support of their lead plaintiff motion (Dkt. No. 22), and as conceded by the competing movants,

1

Agam and Aharon have the largest financial interest in the relief sought by the class and satisfy the requirements of Rule 23. As such, Agam and Aharon are the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Since Agam and Aharon are the presumptively most adequate plaintiff, and the presumption has not been rebutted, Agam and Aharon should be appointed as lead plaintiff, and their selection of counsel should be approved.[1]

## II.    ARGUMENT

### A.    Agam and Aharon Are the Presumptively Most Adequate Plaintiff

Agam and Aharon satisfy all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). First, they filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 21; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). Second, Agam and Aharon satisfy the requirements of Rule 23, as demonstrated in their memorandum of law in support of their lead plaintiff motion and their joint declaration. *See* Dkt. No. 22 at 12-14; Dkt. No. 23-3; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Agam and Aharon have the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008). Of these factors, losses suffered is the most

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v).

important. *See id.* at 437. In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, citing *Molex*); *Bo Young Cha v. Kinross Gold Corp.*, No. 12-cv-1203, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor.").

Here, as the other movants concede, and as illustrated in the chart below, Agam and Aharon have the largest financial interest:[2]

| Movants | Loss |
|---|---|
| Agam and Aharon | $6,786,912.29 |
| Tripp and Fodjo | $214,999.00 |
| Efrat and Smith | $188,191.36 |

Since Agam and Aharon have the largest financial interest in the relief sought by the class, filed a timely motion, and satisfy the requirements of Rule 23, they are the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

### B. The Presumption that Agam and Aharon Are the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). No proof has been presented that Agam and Aharon would be inadequate or subject to unique defenses. To the contrary—as illustrated in Agam and Aharon's joint declaration, Agam and Aharon are ideal candidates. *See* Dkt. No. 23-3. As such, Agam and Aharon should be appointed as lead plaintiff,

---

[2] *See* Dkt. Nos. 20-7, 20-8, 23-2, 27-1 (movants' loss charts).

3

and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

### C.    Agam and Aharon's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). No movant opposes Agam and Aharon's selection of Glancy Prongay & Murray LLP and The Law Office of Jacob Sabo as co-lead counsel for the class, and "[t]here is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015). As such, Agam and Aharon's selection of counsel should be approved.

### III.    CONCLUSION

For the foregoing reasons, Agam and Aharon respectfully request that the Court grant their motion and enter an Order: (1) appointing Agam and Aharon as lead plaintiff; (2) approving their selection of Glancy Prongay & Murray LLP and The Law Office of Jacob Sabo as co-lead counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: October 26, 2023    **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

4

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
22a Mazzeh St.
Tel-Aviv, Israel
Telephone: (++972) 39070770

*Counsel for Aryeh Agam and Shimon Aharon, and
Proposed Co-Lead Counsel for the Class*

5

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 26, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 26, 2023, at New York, New York.

_/s/ Gregory B. Linkh_
Gregory B. Linkh