**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HUB CYBER SECURITY LTD., | Case No. 1:23-cv-05764-AS<br><br>Hon. Arun Subramanian |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, Defendants Hub Cyber Security, Ltd. ("Hub"), Manish Agarwal, and Matthew Kearney ("Defendants") hereby submit the following Motion for Judicial Notice. In support of the request, Defendants state:

**I.     THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLICLY AVAILABLE INFORMATION NOT SUBJECT TO REASONABLE DISPUTE WHERE ITS ACCURACY CAN BE DETERMINED BY RELIABLE SOURCES.**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, courts may take judicial notice of facts that are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot be reasonably be questioned. The court may take judicial notice at any stage of the proceeding and must do so where "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)-(d). As explained below, this Court should take judicial notice of the existence of the following documents: (1) Form F-4 with its Ex. 10.6, filed with the Securities and Exchange Commission on December 2, 2022, available at

https://www.sec.gov/Archives/edgar/data/1905660/000110465922124022/tm2223104-

14_f4a.htm and at

https://www.sec.gov/Archives/edgar/data/1905660/000110465922093927/tm2223104d2_ex10-

6.htm, attached hereto as Exhibit A; (2) Form 424B3, filed with the Securities and Exchange

Commission on December 9, 2022, available at

https://www.sec.gov/Archives/edgar/data/1905660/000110465922125805/tm2223104-

17_424b3.htm, attached hereto as Exhibit B; (3) a hearing transcript from *Majahz v. Hub Cyber

Security Ltd. et al.*, Class Action 11921-03-23 in the Economic Division of the Tel Aviv-Yafo

District Court, originally in Hebrew with its certified translation, attached hereto as Exhibit C;

and (4) Exhibits 99.1 and 99.2 to Form 6-K, filed with the Securities and Exchange Commission

on January 8, 2024, available at

https://www.sec.gov/Archives/edgar/data/1905660/000121390024001776/ea191299ex99-

1_hubcyber.htm and at

https://www.sec.gov/Archives/edgar/data/1905660/000121390024001776/ea191299ex99-

2_hubcyber.htm, attached hereto as Exhibit D.

## II.    SEC FILINGS ARE SUBJECT TO JUDICIAL NOTICE.

Filings with the Securities and Exchange Commission are the proper subject of judicial

notice. "[I]n deciding a Rule 12(b)(6) motion to dismiss a complaint that contains a nondisclosure

or misrepresentation claim alleging that 'document[s] filed with the SEC failed to disclose certain

facts,' it is appropriate for the Court to take judicial notice of and consider those documents, as

long as the Court considers them 'only to determine what the documents stated,' and 'not to prove

the truth of their contents.'" *Sharette v. Credit Suisse Int'l*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015)

(quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)); *see also Merritt v. Molecular

Partners AG,* No. 22-CV-5925 (AS), 2024 WL 495140, at *3 n.2 (S.D.N.Y. Feb. 5, 2024) ("It is

appropriate to consider the full registration statement, as it is 'both integral to the Complaint and

subject to judicial notice.'" (citation omitted)).  Here, Plaintiffs allege that Defendants omitted and misrepresented facts in their Form F-4 and Form 424B3, filed with the SEC (the "Offering Documents").  *See* ECF 45 at 2 n.1.  Exhibits 99.1 and 99.2 to From 6-K are offered to determine what the documents stated, not to prove the truth of their contents, as they are public records filed with the SEC whose authenticity are not subject to debate. It is therefore proper for the Court to take judicial notice of these documents, attached hereto as Exhibits A and B.

### III.    FOREIGN COURT FILINGS ARE SUBJECT TO JUDICIAL NOTICE.

Courts can take judicial notice of documents filed in another court.  *See Glob. Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006).  "Courts have found that, where properly authenticated, foreign court documents are properly the subject of judicial notice." *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, No. 2:16-cv-01001-CAS, 2016 WL 4072332, at *1 n.3 (C.D. Cal. July 27, 2016) (citing *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013); *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 412 (6th Cir. 2006)). A court can take judicial notice of foreign court documents where they are accompanied by a properly certified translation of the filing. *See Schuler v. Rainforest All., Inc.*, No. 2:14-cv-226, 2016 WL 10516026, at *5 (D. Vt. Feb. 10, 2016) (taking judicial notice of certified translation of documents in litigation in Mexico).

Exhibit C is a transcript of a motion to dismiss hearing in *Majahz v. Hub Cyber Security Ltd. et al.*, Class Action 11921-03-23 in the Economic Division of the Tel Aviv-Yafo District Court, a case in which Defendant Hub Cyber Security, Ltd. is a party. The original document is in Hebrew, and Defendants have provided a declaration from Hub's Israeli attorneys that the document is a true and correct copy of the document on file with the Tel Aviv-Yafo District Court. Defendants have also provided a certified translation of the hearing transcript. The Court may take judicial notice of this document.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Judicial Notice.

Dated: April 12, 2024

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

 /s/ *Ari M. Berman*
Ari M. Berman

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: ari.berman@pillsburylaw.com

***Attorney for Defendants Hub Cyber Security Ltd., Manish Agarwal, and Matthew Kearney***

**CERTIFICATE OF SERVICE**

I, Ari M. Berman, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of April, 2024.

*/s/ Ari Berman*
Ari M. Berman