# EXHIBIT C



**המחלקה הכלכלית בבית המשפט המחוזי בתל אביב - יפו**

ת״צ 23-03-11921 מג׳הז נ׳ האב סייבר סיקיורטי בע״מ ואח׳          24 מרץ 2024

**לפני כבוד השופט יעקב שרביט**

**המבקש**          אבנר מג׳הז

**נגד**

**המשיבים**
1. **האב סייבר סיקיורטי בע״מ**
2. **עזריאל מוסקוביץ**
3. **זאב צל**
4. **מוטי פרנקו**
5. **משה ריינס**
6. **לשנה שיפמן**
7. **ירון קניאזר**
8. **זיגמונד בללובבנד**
9. **אייל משה**

**נוכחים:**

ב״כ המבקש – עו״ד ליאור להב עו״ד הדר סטמפו

ב״כ המשיבים 1-8 – עו״ד חגית בלייברג ועו״ד דניאל מנשה וולמן

ב״כ המשיב 9 – עו״ד חניטל בלינסון נבון ועו״ד אלעד פלד

# **פרוטוקול**

<u>בית המשפט</u>

מביא לידיעת הצדדים שעו״ד פלד שימש כמתמחה ולאחר מכן כעורך דין שכיר במשרד הרצוג במחלקת הליטיגציה בה שימשתי כראש המחלקה וזאת עד לשנת 2020 לערך. איני סבור כי הדבר יוצר מניעה לקיום הדיון בתיק זה.

<u>ב״כ הצדדים:</u>

אין מניעה מבחינתנו לכך שהמותב ידון בתיק זה.



**המחלקה הכלכלית בבית המשפט המחוזי בתל אביב - יפו**

ת"צ 23-03-11921 מג'הז נ' האב סייבר סיקיורטי בע"מ ואח'          24 מרץ 2024

ב"כ המשיבים 8-1:

לשאלת בית המשפט, אם נניח לצורך הדיון בלבד שההתחייבות של משקיעי הפייפ לא היתה התחייבות מוחלטת אלא היתה מותנית בתנאי מתלה שלא ניתן לגביו גילוי (למשל, כפי שהיה בעניין הראל פיא נ' לנדמרק) האם גם אז לשיטת המשיבים ההליך לא היה מתאים לתביעה ייצוגית אלא לתביעה נגזרת, <u>אני משיבה</u>: אני חושבת שהתשובה היא חיובית לאור הגדרת הנזק. בתיק הזה המומחה מטעם המבקש, כמו גם בקשת האישור עצמה, מתייחסים לנזק שכשקוראאם את סעיפים 44 ו-49 לחוות דעת המומחה מטעם המבקש, ברור כי מדובר בנזק שהוא הנזק שנגרם לחברה תוצאה מאי הכנסת כספי הפייפ.

באשר לטענת חברי שהיה דיווח שהיה לא נכון – אני מדגישה כי ההתחייבות של משקיעי הפייפ היתה בלתי חוזרת ולא היה כל דיווח לא נכון בעניין זה. כמו כן לעניין הטענה שהיה דיווח מטעה בכך שהוצג מצג שמדובר בתנאי מתלה ושבלעדיו לא תתקיים עסקת המיזוג, אציין שב-6.10.22 בדיווח מידי, שלא צורף ולא נזכר בבקשת האישור, בסעיף 1.3.4 כתוב במפורש שהחברה רשאית לוותר על השקעת משקיעי הפייפ לצורך המיזוג.

מגישה לבית המשפט את הדיווח המידי.

זה מופיע גם בדיווח הראשוני ב-31.1.22 בו מתוארת עסקת המיזוג (נספח 4 לבקשת האישור).

לשאלת בית המשפט, אנו לא טוענים שאין עילה לבעלי המניות אבל טוענים שהיא נגזרת מהעילה של החברה.

בפני בית משפט מונחת בקשה לפי סעיף 198 על החלפת משקיע פייפ ואחר כך היא תוקנה לזה שהם לא השקיעו.

נניח שב-4.3.23 משקיעי פייפ היו מעבירים את הכסף, ברור הוא שזה היה מעלה את שער המניה. משמעות של התביעה הייצוגית המונחת בפנינו היא שבכל מקרה בו התחייבות מסוימת כלפי החברה לא מקוימת, תטען לפרט מטעה ובכך זה הופך לתביעה של בעלי מניות.

בית המשפט:

אני מפנה את המשיבים לאסמכתאות עליהם הסתמך השופט כב' השופט סוקול בעניין רייץ: פסק הדין בעניין גבריאלי נ' ויזל - שם התביעה היתה על כך שמר ויזל הפרש את החובות שלו כלפי בעלי המניות, לא בגלל שהוא לא דיווח אלא בשל התנהלותו – כאשר הפגיעה היא בחברה אין עילה ספציפית לבעלי המניות. בעניין ויזל לא היתה טענה שהחברה ידעה על טענות מר ויזל. כמו כן בית משפט מפנה לפסק דין בעניין שוורץ נגד טבע, שם בפסקה 31 – זה פסק דין שעליו מסתמך כב' השופט סוקול מה שכב' השופטת רות רונן דחתה לא כי היא קובעת שהיתה הפרת דיווח אלא משום שטענה זו לא נטענה בתביעה. לבסוף בעניין רהב נ' דנקנר לא דובר בסילוק על הסף ולהבנתי בית המשפט קובע שלקבוצה בתקופה השלישית, לאחר שהסתיימה ההרצה, לא נגרם נזק ולא שלא עמדה להם עילה מלכתחילה.

2



# המחלקה הכלכלית בבית המשפט המחוזי בתל אביב - יפו

**ת"צ 23-03-11921 מג'הז נ' האב סייבר סיקיורטי בע"מ ואח'**          **24 מרץ 2024**

<u>ב"כ המשיבים 1-8 :</u>

בתשובה לעניין זה, אני מבינה את האבחנה שבית המשפט עושה רק אני רוצה לחזור לטענה פה, היא הסיבה שעטיה הגשתי את הבקשה. ברור שחישוב הנזק הוא חישוב הנזק שנגרם לכאורה לבעלי המניות אבל כשקוראים מה כותב המומחה בפסקה 44 (מצטטת).

אני חושבת שהיכולת האמיתית לאבחן בין ירידת ערך המניות כתוצאה מהעובדה שהחברה חסרה, לכאורה, 50 מיליון דולר לבין ירידת המניות בין המשקיעים, לשיטת המבקש, היא אבחנה קשה לכשעצמה. היכולת לאבחן בין מה גרם לבעל מניות להחליט לא לקנות את המניות, למכור את המניות לאחר מכן, האם זה נובע מהעובדה שהטעו אותו. לכן, בעיני לא ניתן בתיק הזה לנתק את הנזק לבעליה מניות מהנזק שנגרם לחברה.

בניגוד לטענת המקש, אנו טוענים שההתחייבות כן היתה מוחלטת.

<u>ב"כ המבקש :</u>

לשאלת בית משפט, בהנחה שהיה דיווח מטעה, בדיווח הראשון, בזמן שהשלושה עדיין היו דירקטורים והם הפסיקו להיות דירקטורים במהלך התקופה ולא היו דירקטורים במועד שבו התגלה, לטענתכם, כי היתה הטעיה ואז נגרם הנזק, מהי אחריותם אני משיב : אני לא מכיר מקרה דומה בפסיקה אבל הסיטואציה היא כזו, יש דירקטור היושב בחברה הנותנת דיווח מטעה ועל בסיס הדיווח המטעה מישהו קונה מניות. שנה אחרי הסתבר שהדיווח הזה היה מטעה. נשאלת השאלה, כיצד ניתן לפטור דירקטור שהוא חלק מהאירוע המטעה?

<u>ב"כ המשיבים 1-8 :</u>

הדירקטורים הרלוונטיים הם המשיבים 6-8.

חברי לא עשה את האבחנה למרות שהוא ידע בדיוק מתי כל דירקטור סיים לכהן. בהגדרת הקבוצה הנוכחית אין אבחנה כזו.

הקבוצה והנזק לקבוצה מוגדרים באירוע המגדיר, ואני מפנה לעניין זה לסעיף 43 לחוות הדעת. אם קוראים את הגדרת הקבוצה בסעיף 1 א בעמ' 2 לבקשת האישור ומסתכלים על האירוע המגדיר את הנזק רואים כי המבקש בחר להגדיר אותו כיום פרסום הדיווח ובוודאות הם לא היו דירקטורים בפרסום הדיווח.

בסופו של דבר ישנה מסכת אחת של הסכם מיזוג והסכם פייפ. הסכם המיזוג יצא לפועל, כספי הפייפ לא נכנסו לחברה.

לשאלת בית המשפט, האם החברה נקטה בהליכים משפטיים נגד משקיעי הפייפ, אני משיבה : החברה לא נקטה בהליכים משפטיים אך היא מצויה במגעים מול משקיעי הפייפ.





**המחלקה הכלכלית בבית המשפט המחוזי בתל אביב - יפו**

**ת"צ 23-03-11921 מג'הז נ' האב סייבר סיקיורטי בע"מ ואח'          24 מרץ 2024**

ב"כ המשיב 9 :

הגשנו הודעה לבית משפט שבמסגרתה כתבנו שכל הטענות שמעלה חברתי בשם המשיבים האחרים הן טענות יפות גם בכל הנוגע למשיב 9.

לגבי עצם קיומה של ההתחייבות בלתי הדירה מטעם משקיעי הפייף והיותה תנאי מתלה – היו דיווחים שחברי לא התייחס אליהם בבקשת האישור לגבי התנאי המתלה. התנאי המתלה בסופו של דבר הוא לטובת החברה. כשהחברה דיווח באוקטובר ובאירועים במרץ על כך שהחברה יכולה לוותר על התנאי המתלה, זה בבחינת מובן מאליו כי אנו לא אמורים להגיד מה הדין החל. זה לעניין התנאי המתלה לעסקת המיזוג.

ברמה המשפטי, זה שקיים תנאי מתלה והוא לטובת החברה, החברה יכולה להחליט אם היא עומדת על התנאי המתלה אם לאו. החברה דיווח גם באוקטובר וגם במרץ. חברי הסתמך על הדיווח בפברואר וביקש שנאמר את המובן מאליו.

יש את העניין הנוסף של עצם היותה של ההתחייבות בלתי הדירה – כאן המסמכים מדברים בעד עצמם ובעיני אין כאן כל שאלה.

הדבר החשוב ביותר מבחינת ההתכנסות שלנו היום והבקשה לסילוק על הסף – שמעתי את כל הערות בין המשפט ולא אתייחס לאבחנה עם פסק דין לנדמן. בכל הנוגע לעילות שאינן מכוח חוק ניירות ערך, דינן לסילוק על הסף.

חברי בבקשתו לא חילק בצורה מאוד ברורה את טענותיו. חברי הסביר מדוע יש לו פרק משנה "הסתמכות ישירה". חברי טוען שאין צורך להוכיח הסתמכות ישירה. זה מתחבר לפסק הדין לוינסקי עופר ולפסק דין ברע"א 4024/14 אפריקה ישראל נ' רפאל כהן וכן ע"א 610/94.

חברי חייב כבר בשלב בקשת האישור לפרט את הטענות בקשר עם כל אחד מהדירקטורים, ואני שמה בצד את העילה מכוח ניירות ערך, וזאת כשמדובר בעילות נזיקיות. היו צריך לעמוד, בין היתר, על עניין ההסתמכות שזה דבר מחויב כשטוענים לעילה לסילוק.

הידיעה בעצימת העיניים זה סטנדרט אחר מסטנדרט הרשלנות או המודעות שרלוונטיות לגבי העילות האחרות, ובעניין הזה יש ריק מוחלט.

אני סבורה שיש לצמצם את המחלוקת ויש לסלק על הסף את כל העילות שאין להן שום פירוט. לא יכול להיות שיש פרקים שלמים בבקשה האישור שאין להם כל בסיס.

ב"כ המבקש :

לשאלת בית משפט, איזו ראיה לכאורה יש לכם, חוץ מהעובדה שעד היום בחלוף שנה לא ננקטו הליכים נגד משקיעי הפייף לכך שלא היה מדובר בהתחייבות מוחלטת, אני משיב : הגישו בקשה לסילוק על הסף ועכשיו, לפני שהם כתבו את התשובה שלהם לבקשת האישור, לשמוע מה בית המשפט חושב ולכן אני סבור שאיני צריך להשיב לשאלת בית משפט על מנת שלא לעזור להם לגבש את תשובתם לבקשת האישור. יש לי תשובה ולטעמי תשובה טובה אבל כפי שציינתי אני לא רוצה ליתן אותה עכשיו במסגרת בקשה לסילוק על הסף אלא רק לאחר שתוגש התשובה ואני אראה את

4



# המחלקה הכלכלית בבית המשפט המחוזי בתל אביב - יפו

ת"צ 23-03-11921 מג'הז נ' האב סייבר סיקיורטי בע"מ ואח'          24 מרץ 2024

המסמכים, את ההסכמים עם משקיעי הפייפ.  ההתלבטות של חברתי אם להגיש את בקשת הסילוק, שבעיני היא מיותרת, לא צריכה לבוא על חשבוני ולא צריכה לעמוד לי רועץ. אני נדרש לעמוד כאן, נדרשתי לתשובה לבקשה לסילוק על הסף.

יש כאן הליך של גילוי מסמכים שהוא כל כך מהותי ואפילו גם על זה אני לא רוצה לדבר בשלב הזה.

לשאלת בית משפט, איפה בבקשת האישור יש טענות קונקרטיות כנגד המשיבים 9-2, אני משיב : בהמלצת בית המשפט אני מוכן לוותר על העילות נגד המשיבים 9-2 שאינן עילות מכוח חוק ניירות ערך.

ב"כ המשיבים 1-8 + ב"כ המשיב 9 :

לאור הסכמת המבקש כאמור לעיל ובהמלצת בית המשפט, אנו לא נעמוד על בקשתנו לסילוק על הסף.

לא נכון שהגשנו את הבקשה לסילוק על הסף כדי לשמוע את עמדת בית המשפט, כפי שסבור חברי. הנזק שאני חושבת שנגרם הוא הנזק לחברה ואנו נתייחס לכך בתשובה שנגיש לבקשת האישור.

## החלטה

אני מאשר בזה את מחיקת העילות נגד המשיבים 9-2 שאינן עילה מכוח חוק ניירות ערך.

הבקשה לסילוק על הסף נמחקת בזה, ללא צו להוצאות, וזאת מבלי שיש בכך משום ויתור של המשיבים על איזה מהטענות לגופן.

המשיבים יגישו תשובותיהם לבקשת האישור עד ליום 16.5.24.
המבקש יגיש תגובות לתשובות עד ליום 16.6.24.

נקבע לדיון מקדמי בבקשת האישור ליום 10.7.24 שעה 08:30.

**ניתנה והודעה היום י"ד אדר ב' תשפ"ד, 24/03/2024 במעמד הנוכחים.**

יעקב שרביט, שופט



**המחלקה הכלכלית בבית המשפט המחוזי בתל אביב - יפו**

**ת״צ 23-03-11921 מג׳הז נ׳ האב סייבר סיקיורטי בע״מ ואח׳**          **24 מרץ 2024**

הוקלד על ידי יעל אוחיון



[emblem of the State of Israel]

# ECONOMIC DIVISION OF THE TEL AVIV–YAFO DISTRICT COURT

**Class Action 11921-03-23 Majahz v. Hub Cyber Security Ltd. et al.**          **March 24, 2024**

**Before the Hon. Judge Yaacov Sharvit**

**Movant**               **Avner Majahz**

**v.**

**Respondents**          **1. Hub Cyber Security Ltd.**
**2. Arziel Moskovich**
**3. Ze'ev Tsel**
**4. Motti Franco**
**5. Moshe Reines**
**6. Lashna Shipman**
**7. Yaron Kaniazar**
**8. Sigmund Blelovavand**
**9. Eyal Moshe**

**Present:**

Counsel for Movant: Lior Lahav and Hadar Stampo

Counsel for Respondents 1–8: Hagit Bleiberg and Daniel Menashe Wolman

Counsel for Respondent 9: Hanital Beilinson Navon and Elad Peled

# PROCEEDINGS

The Court

Brings to the attention of the parties that Mr. Peled worked as a trainee and afterward as a salaried lawyer at the Herzog Law Firm in the Litigation Department where I was the head of the department, and this was until about 2020.

I do not believe that this generates an impediment to holding the hearing in this case.

Counsel for the parties

There is no impediment from our perspective to the panel's hearing this case.

1

[emblem of the State of Israel]

# ECONOMIC DIVISION OF THE TEL AVIV–YAFO DISTRICT COURT

**Class Action 11921-03-23 Majahz v. Hub Cyber Security Ltd. et al.**                **March 24, 2024**

Counsel for Respondents 1–8:

To the Court's question if we assume for the purposes of discussion only that the obligation of the PIPE investors was not an absolute obligation, but rather was conditional on a condition precedent for which disclosure was not made (for instance, as was in the case of *Harel Pia v. Landmark*), whether then, as the Respondents argue, the proceedings were then not suitable for a class action but rather a derivative suit, I would respond: I think that the answer is yes in light of the definition of the injury. In this case, the Movant's expert, as well as the motion for certification itself, refer to injury that, when reading sections 44 and 49 of the Movant's expert's opinion, it is clear that this is injury caused to a company as a result of failure to take in PIPE money.

As to my friend's contention that there was an incorrect report, I emphasize that the obligation of the PIPE investors was irrevocable, and there was no incorrect reporting in this matter. Likewise, regarding the contention that there was a misleading report in that a representation was made that there was a condition precedent without which the merger would not take place, I would note that on 10/06/22 in the immediate report, which is not attached to or mentioned in the motion for certification, section 1.3.4 explicitly states that the company may waive the investment of PIPE investors for the merger.

Submits to the Court the immediate report.

This also appears in the initial report on 01/31/22 where the merger is described (exhibit 4 to the motion for certification).

To the Court's question, we do not argue that there is no cause for the shareholders, but we contend that it is derived from the Company's cause.

A motion under section 198 for the replacement of a PIPE investors has been presented to the Court, and afterward it was amended to the fact that they did not invest.

Suppose that on 03/04/23, PIPE investors transferred the money; this would obviously increase the share price. The significance of the class action before us is that in any case where a certain obligation to the company is not fulfilled, it will claim there is a misleading detail and thus make it a shareholder derivate suit.

The Court:

I refer the Respondents to the references on which the Hon. Judge Sokol relied in the *Reitz* case:

The judgment in *Gavrieli v. Wiesel*, where the claim was that Mr. Wiesel had neglected his duties to the shareholders, not because he did not report but because of his conduct—when the injury is to the company, there is no specific cause for the shareholders. In the *Wiesel* case, there was no contention that the company knew of Mr. Wiesel's contentions. The Court also refers to the judgment in *Schwartz v. Teva* at paragraph 31 – this is a judgment in which the Hon. Judge Sokolov relies on what the Hon. Judge Ruth Ronen rejected, not because she ruled that that there was a reporting violation, but because this contention was not argued in the suit. Finally, in the case of *Rahav v. Dankner*, there was no summary dismissal, and as I understand it, the Court ruled that the class in the third period, after the trial run ended, did not suffer injury and did not have cause in the first place.

2

[emblem of the State of Israel]

## ECONOMIC DIVISION OF THE TEL AVIV–YAFO DISTRICT COURT

**Class Action 11921-03-23 Majahz v. Hub Cyber Security Ltd. et al.**                     **March 24, 2024**

Counsel for Respondents 1–8:

In response to this matter, I understand that the distinction the Court makes, I just want to return to the argument here, which is the reason for which I made the motion. Obviously the calculation of damages is a calculation of the damages allegedly caused to the shareholders, but when you read what the expert writes in paragraph 44 (quotes).

I think that the real ability to distinguish between the decline in value of the shares as a result of the fact that the company is allegedly short $50 million and the decline in value among investors, according to the movant, is a difficult distinction in itself. The ability to distinguish between what caused a shareholder to decide not to buy stock, to sell the stock afterward, whether this arises from the fact that he was misled. Therefore, in my opinion, in this case, it is not possible to sever the injury to its shareholders from the injury caused to the company.

Contrary to the Movant's argument, we argue that the obligation was indeed absolute.


Counsel for Movant:

To the Court's question, assuming that there was misleading reporting in the first report, at a time when the three were still directors, and they have ceased to be directors during the period and were not directors at the time when it was discovered, according to you, that there was deception and then the injury was caused, what is the liability, I answer: I do not know of a similar case in case law, but the situation is like this, there is a sitting director in a company that gives a misleading report, and on the basis of the misleading report, somebody buys stock. The question is how can a director who is part of the misleading event be exempted?


Counsel for Respondents 1–8:

The relevant directors are Respondents 6–8.

My friend did not make the distinction even though he knew exactly when each director ceased serving. In the current definition of the class there is no such distinction.

The class and the injury to the class are defined in the defining event, and I refer to section 43 of the opinion in this matter.

If we read the definition of the class in section 1 a on p. 2 of the motion for certification and look at the event defining the injury, we see that the movant chose to define it as the date of publication of the report, and they were certainly not directors upon publication of the report.

At the end of the day, there is one set of a merger agreement and a PIPE agreement. The merger agreement was executed; the company did not receive the PIPE money.

To the Court's question whether the Company undertook legal proceedings against the PIPE investors, I respond: the company did take undertake legal proceedings, but it is in talks with the PIPE investors.

3

[emblem of the State of Israel]

## ECONOMIC DIVISION OF THE TEL AVIV–YAFO DISTRICT COURT

**Class Action 11921-03-23 Majahz v. Hub Cyber Security Ltd. et al.**                    **March 24, 2024**

Counsel for Respondent 9:

We have submitted notification to the Court that all the contentions my friend raises on behalf of the other respondents also apply with respect to Respondent 9.

Regarding the existence of an irrevocable obligation on behalf of the PIPE investors and its being a condition precedent, there are reports that my friend has not addressed in the motion for certification regarding the condition precedent. The condition precedent, in the end, is for the company's benefit. When the company reported in October and at events in March that the company could not waive the condition precedent, it is self-evident that we are not supposed to say what the applicable law is. This is with regard to the condition precedent for the merger.

At the legal level, if a condition precedent exists, and it is for the company's benefit, the company can decide whether it meets the condition precedent or not. The company reported in both October and March. My friend relied on the February report and asked us to state the obvious.

There is the additional matter of the fact that it is an irrevocable obligation—here the documents speak for themselves, and in my view, there is no question here. The most important thing for our gathering here today and the motion for summary dismissal—I have heard all the Court's comments, and I will not address the distinction with the *Landman* judgment. With regard to the grounds that are not pursuant to the Securities Law, they should be summarily dismissed. In his motion, my friend did not divide his arguments very clearly. My friend explained why he has a "Direct reliance" subchapter. My friend argues that there is no need to provide direct reliance. This connects to the *Levinsky Ofer* judgment and the judgment in Civil Leave for Appeal 4024/14 *Africa Israel v. Rafael Cohen* as well as Civil Appeal 610/94.

As early as at the stage of the motion for certification, my friend had to detail the arguments in connection with each of the directors, and I set aside the grounds by virtue of securities when it comes to tort grounds. It was necessary to discuss, inter alia, the issue of reliance, which is obligatory when claiming grounds for dismissal.

Willful ignorance is a different standard than the standard of negligence or the awareness that is relevant regarding the other grounds, and in this matter, there is an absolute void.

I believe that the dispute should be narrowed and any grounds that have no details should be summarily dismissed. It is absurd that entire chapters in the motion for certification have no foundation.


Counsel for Movant:

To the Court's question what evidence do you supposedly have, outside of the fat that to this day a year has based and legal proceedings have not been taken against the PIPE investors, that there was not an absolute obligation, I respond: a motion to dismiss has been filed, and now, before they have written they response to the motion for certification, to hear what the Court thinks, and, therefore, I believe that I do not need to respond to the Court's question so as not to help them formulate their response to the motion for certification. I have an answer, and, I think, a good answer, but as I said, I do not want to give it now as part of a motion for dismissal, but rather after the response is submitted, and I will show

[emblem of the State of Israel]

## ECONOMIC DIVISION OF THE TEL AVIV–YAFO DISTRICT COURT

**Class Action 11921-03-23 Majahz v. Hub Cyber Security Ltd. et al.**            **March 24, 2024**

the documents, the agreements with the PIPE investors. My friend's indecision about whether to file the motion to dismiss, which I consider to be superfluous, should not come at my expense and should not be a hindrance to me. I am required to stand here; I have been required to respond to a motion for summary dismissal.

There is a process of document discovery here that is so substantial, and I don't want to talk about even this at this point. To the Court's question where in the motion for certification are there concrete arguments against Respondents 2–9, I respond. On the recommendation of the Court, I am willing to waive the grounds against Respondents 2–9 that are not pursuant to the Securities Law.

Counsel for Respondents 1–8 + Counsel for Respondent 9:

In light of the Movant's aforesaid consent and the Court's recommendation, we will not insist on our motion for summary dismissal.

It is not true that we filed the motion for summary dismissal to hear the Court's opinion, as my friend believes. The injury that we believe was caused is the injury to the company, and we will address that in the response we will submit to the motion for certification.

### **Decision**

I hereby approve elimination of the grounds against Respondents 2–9 that are not grounds by virtue of the Securities Act.

The motion for summary dismissal is hereby withdrawn, without an order for costs, and without this constituting any waiver on behalf of the Respondents to any of the arguments made therein.

The Respondents will submit their responses to the motion for certification by 05/16/24.
The Movant will submit replies to the responses by 06/16/24.

Scheduled for a pre-trial hearing on the motion for certification on 07/10/24 at 8:30 a.m.

**Given and notified today, Adar II 14, 5784, 03/24/2024, in the presence of those in attendance.**

[signature]

**Yaacov Sharvit, Judge**

5

[emblem of the State of Israel]

## ECONOMIC DIVISION OF THE TEL AVIV–YAFO DISTRICT COURT

**Class Action 11921-03-23 Majahz v. Hub Cyber Security Ltd. et al.**                    **March 24, 2024**

Typed by Yael Ohion.



# CERTIFICATION

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

| | |
|---|---|
| File Name(s): | Motion to Dismiss (Protocol March 24 2024) |
| Source Language(s): | Hebrew |
| Target Language(s): | English |

*Authorized Signature:*

*Name:*     *Jacqueline Yorke*

*Title:*     *Project Manager*

*Date:*     *April 4, 2024*

*Signature, Notary Public:*

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 2 7

*Stamp: Notary Public*

Reason for signature: I approve the accuracy of this document content as written