**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HUB CYBER SECURITY LTD., | Case No. 1:23-cv-05764-AS<br><br>Hon. Arun Subramanian |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDICIAL
NOTICE**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, Defendants Hub Cyber

Security Ltd. ("Hub"), Manish Agarwal, Matthew Kearney, Hugo Goldman, Uzi Moscovich, Zeev

Zell, Moti Franko, Levana Shifman, and Moshe Raines ("Defendants") hereby submit the

following Motion for Judicial Notice. In support of the motion, Defendants state:

**I.     THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLICLY AVAILABLE
INFORMATION NOT SUBJECT TO REASONABLE DISPUTE WHERE ITS
ACCURACY CAN BE DETERMINED BY RELIABLE SOURCES.**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, courts may take judicial

notice of facts that are not subject to reasonable dispute and are capable of accurate and ready

determination from sources whose accuracy cannot be reasonably be questioned. The court may

take judicial notice at any stage of the proceeding and must do so where "a party requests it and

the court is supplied with the necessary information." Fed. R. Evid. 201(c)-(d). As explained

below, this Court should take judicial notice of the existence of the following documents: (1) Form

F-4 with its Exhibit 10.6, filed with the Securities and Exchange Commission on December 2,

2022,[1] attached hereto as Exhibit A; (2) Form 424B3, filed with the Securities and Exchange Commission on December 9, 2022,[2] attached hereto as Exhibit B; (3) a hearing transcript from the hearing on the motion to dismiss, held on March 24, 2024, in *Majahz v. Hub Cyber Security Ltd. et al.*, Class Action 11921-03-23 in the Economic Division of the Tel Aviv-Yafo District Court, originally in Hebrew with its certified translation, attached hereto as Exhibit C; (4) Form 6-K and its Exhibits 99.1 and 99.2, filed with the Securities and Exchange Commission on January 8, 2024,[3] attached hereto as Exhibit D; and (5) a report titled "Immediate Report of a Senior Officer Who Ceased to Serve in His Position" (Form E094), filed with the Israel Securities Authority on September 29, 2022, attached hereto as Exhibit E.

## II.   SEC FILINGS ARE SUBJECT TO JUDICIAL NOTICE.

Filings with the Securities and Exchange Commission are the proper subject of judicial notice. "[I]n deciding a Rule 12(b)(6) motion to dismiss a complaint that contains a nondisclosure or misrepresentation claim alleging that 'document[s] filed with the SEC failed to disclose certain facts,' it is appropriate for the Court to take judicial notice of and consider those documents, as long as the Court considers them 'only to determine what the documents stated,' and 'not to prove the truth of their contents.'" *Sharette v. Credit Suisse Int'l*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015)

---

[1] Available at
https://www.sec.gov/Archives/edgar/data/1905660/000110465922124022/tm2223104-14_f4a.htm and at
https://www.sec.gov/Archives/edgar/data/1905660/000110465922093927/tm2223104d2_ex10-6.htm.

[2] Available at
https://www.sec.gov/Archives/edgar/data/1905660/000110465922125805/tm2223104-17_424b3.htm.

[3] Available at
https://www.sec.gov/Archives/edgar/data/1905660/000121390024001776/ea191299ex99-1_hubcyber.htm and at
https://www.sec.gov/Archives/edgar/data/1905660/000121390024001776/ea191299ex99-2_hubcyber.htm.

(quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)); *see also Merritt v. Molecular Partners AG,* No. 22-CV-5925 (AS), 2024 WL 495140, at *3 n.2 (S.D.N.Y. Feb. 5, 2024) ("It is appropriate to consider the full registration statement, as it is 'both integral to the Complaint and subject to judicial notice.'" (citation omitted)).  Here, Plaintiffs allege that Defendants omitted and misrepresented facts in their Form F-4 and Form 424B3, filed with the SEC (the "Offering Documents").  *See* ECF 45 at 2 n.1.  Form 6-K and its Exhibits 99.1 and 99.2 are also SEC filings, and their authenticity is not subject to debate. It is proper for the Court to take judicial notice of these documents, attached hereto as Exhibits A, B, and D.

## III.    FOREIGN COURT FILINGS AND PUBLIC RECORDS ARE SUBJECT TO JUDICIAL NOTICE.

"A court may take judicial notice of public records of governmental entities and authoritative sources of foreign law . . . ." *In re Jommi*, No. C 13-80212 CRB (ERL), 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013). Judicial notice of "'foreign court documents' or public records from a foreign government" is proper. *Zions Bancorporation, N.A. v. JPMorgan Chase Bank, N.A.*, No. 3:20-CV-2048-AJB-JLB, 2021 WL 3406641, at *3 (S.D. Cal. Aug. 3, 2021); *see also Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1089 n.6 (E.D. Cal. 2019) (taking judicial notice of "'foreign court documents' [and] public records from a foreign government," including an application for a trademark registration in the United Arab Emirates). "Courts have found that, where properly authenticated, foreign court documents are properly the subject of judicial notice." *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, No. 2:16-cv-01001-CAS, 2016 WL 4072332, at *1 n.3 (C.D. Cal. July 27, 2016) (citing *In re Jommi*, 2013 WL 6058201, at *1 n.1; *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 412 (6th Cir. 2006)); *cf. Glob. Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006) (explaining courts can take judicial notice of documents filed in another court). A court can take

judicial notice of foreign court documents where they are accompanied by a properly certified translation of the filing. *See Schuler v. Rainforest All., Inc.*, No. 2:14-cv-226, 2016 WL 10516026, at *5 (D. Vt. Feb. 10, 2016) (taking judicial notice of certified translation of documents in litigation in Mexico).

Exhibit C is a transcript of a hearing on a motion to dismiss, held on March 24, 2024, in *Majahz v. Hub Cyber Security Ltd. et al.*, Class Action 11921-03-23 in the Economic Division of the Tel Aviv-Yafo District Court, a case in which Defendant Hub Cyber Security Ltd. is a party. The original document is in Hebrew, and Defendants have provided a declaration from Hub's Israeli attorneys that the document is a true and correct copy of the document on file with the Tel Aviv-Yafo District Court. Defendants have also provided a certified translation of the hearing transcript. The Court may take judicial notice of this document.

Exhibit E is a report, titled "Immediate Report of a Senior Officer Who Ceased to Serve in His Position" (E094), that was filed with the Israel Securities Authority, a government agency, on September 29, 2022. The original document is in Hebrew, and Defendants have provided a declaration from Hub's internal legal counsel that the document is a true and correct copy of the document filed with the Israel Securities Authority. Defendants have also provided a certified translation of the report. The Court may take judicial notice of this document.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Judicial Notice.

Dated: May 31, 2024

Respectfully submitted,

PILLSBURY WINTHROP SHAW
PITTMAN LLP


 /s/ *Ari M. Berman*
Ari M. Berman

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: ari.berman@pillsburylaw.com

*Counsel for Defendants Hub Cyber Security
Ltd., Manish Agarwal, Matthew Kearney, Hugo
Goldman, Uzi Moscovich, Zeev Zell, Moti
Franko, Levana Shifman, and Moshe Raines*

5

**CERTIFICATE OF SERVICE**

I, Ari M. Berman, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 31st day of May, 2024.

*/s/ Ari M. Berman*
Ari M. Berman