**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HUB CYBER SECURITY LTD., | Master File No.: 1:23-CV-05764-AS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Plaintiffs respectfully submit this opposition to Defendants'[1] requests for judicial notice of the exhibits attached to the memorandum of law (ECF No. 88) in support of Defendants' request for judicial notice (ECF Nos. 87, the "RJN") and attached to the Declaration of Matthew C. DeFrancesco (ECF. No. 94, the "DeFrancesco Decl.").[2]

## I.    INTRODUCTION

On a motion to dismiss, Defendants must accept the alleged facts as true, but may submit extraneous documents if (i) they are explicitly incorporated by reference in the Complaint or (ii) they are integral to a Plaintiffs' claims and not reasonably subject to dispute. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Defendants improperly use these procedures to insert their own version of facts, seeking to submit documents whose accuracy is disputed or documents which are not even referenced by the Complaint.

For example, Defendants ask the Court to take judicial notice of the *truth* of the underlying statements made by an attorney in a hearing held in a different case, in a different court, outside U.S. jurisdiction—which itself contains conflicting statements. Specifically, Defendants submit a translated transcript, which states both "the company ***did*** take undertake [SIC] legal proceedings, but it is in talks with the PIPE investors" and "legal proceedings ***have not*** been taken against the PIPE investors." RJN Ex. C. Even if Defendants were otherwise entitled to judicial notice of this Exhibit, there are issues with the accuracy of the document which prohibits the translated exhibits from being noticed. *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006).

---

[1]    All "¶__" citations are to Plaintiffs' Amended Class Action Complaint (ECF No. 45, the "AC" or the "Complaint").  Unless otherwise indicated, all emphasis is added, and all quotations and citations omitted.

[2]    In a footnote, Moshe states that the Court should consider the documents attached to the DeFranceso Decl.  ECF No. 93 ("Moshe MTD") at 3 n.2.

Defendants submit a number of filings which were neither referenced in, nor integral to, the AC. These documents are not properly considered under the incorporation-by-reference doctrine. They are also not judicially noticeable because Defendants have sought to establish the truth of the matter asserted therein. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 410 (2d Cir. 2008). For example, Defendants argue that Hub must have had an "established" product because reported financial results purportedly show "meaningful revenue during the first six months of 2023." ECF No. 86 ("MTD") at 17 (citing RJN Ex. D).

Therefore, the Court should deny Defendants' request for judicial notice.

## II.    ARGUMENT

It is well established in the Second Circuit that, on a motion to dismiss, defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *See, e.g.*, *Roth*, 489 F.3d at 509.

### A.    Documents Not Referenced In, Nor Integral To, The AC Must Be Ignored

Generally, on a motion to dismiss for failure to state a claim, the court may not consider any extraneous material outside a complaint. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir. 1991). Narrow exceptions do exist, for example, a district court may consider documents outside of the complaint if they are integral to the Plaintiffs' claim. *Mangiafico v. Blumenthal*, 471 F.3D 391, 398 (2d Cir. 2006).

Exhibits C through E to Defendants' RJN were neither referenced in, nor integral to, the AC.[3] "To be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." *DeLuca v. AccessIT*

---

[3]    Though Exhibit B to Defendants' RJN is the Proxy referenced in the Complaint, it is irrelevant to the Court's determination because Defendants fail to utilize or even reference it in their memoranda in support of their motions to dismiss.

*Grp., Inc.,* 695 F. Supp. 2d 54, 59–60 (S.D.N.Y. 2010). "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *McKeefry v. Town of Bedford*, 2019 WL 6498312, at *3 (S.D.N.Y. Dec. 2, 2019). Because the AC does not mention, let alone heavily rely on these documents, they are not integral to the Complaint and are therefore not properly before the Court. *DeLuca v. AccessIT Grp., Inc.,* 695 F. Supp. 2d 54, 59–60 (S.D.N.Y. 2010).

Even if they were referenced, Defendants do not show that these documents are integral to the Complaint. The Israeli court's hearing and decision is irrelevant because whether or not PIPE financers are or are not in some nebulous "negotiations" does not undermine the veracity of the allegations levied against Defendants. *See* RJN Ex. C. The Company's fiscal 2023 revenue is irrelevant because some nebulous claim of "meaningful revenue" does not undermine claims about Hub did not have an "established" product. MTD at 17 (citing RJN Ex. D).  Therefore, even if Defendants *could* rely on the Exhibits C through E to Defendants' RJN, the documents still would not support dismissal.

### B.    Documents Not Subject To Judicial Notice Must Be Ignored

A district court may also consider "legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *See City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013). Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

3

### 1.      Documents Whose Accuracy Of Documents Is Disputed Are Not Judicially Noticeable

A prerequisite to judicial notice is that "no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006); *see also* Fed. R. Evid. 201(b).

Defendants heavily rely on the transcript of a hearing in the Israeli litigation regarding the PIPE financing. MTD 4, 12 (citing RJN Ex. C); Moshe MTD 5-6 (citing RJN Ex. C). However, even a cursory reading of this translation demonstrates that the nature of the financing is dispute. There, counsel sometimes states that the Company is in legal proceedings with the PIPE investors, and other times states it has not. *See* RJN E. C at 10 ("the company ***did*** take undertake [SIC] legal proceedings, but it is in talks with the PIPE investors"); *id.* at 11 ("legal proceedings ***have not*** been taken against the PIPE investors."). Because the accuracy of the document is disputed (and the fact that Defendants seek to submit is disputed within the document), Exhibit C of Defendants' RJN is not subject to judicial notice. Given these serious issues, Plaintiffs also have legitimate concerns related to the accuracy of the other translated exhibit. *See* RJN Ex. E. These documents do not meet the "high degree of indisputability" required by Rule 201. *See* Fed. R. Evid. 201, advisory committee's notes (to notice adjudicative facts "[a] high degree of indisputability is the essential prerequisite.").

Defendants' reliance on these documents is especially egregious considering Defendants cast aspersions on the accuracy of translated documents referenced in the Complaint. MTD at 17. However, it is Defendants' own exhibits which evince a far more significant issue of accuracy.

None of Defendants' authorities support the submission of foreign documents "accompanied by a properly certified translation of the filing." RJN 3-4. Defendants fail to cite *a single in-circuit case on this issue*. Defendants' lone in-circuit authority does not concern

translated documents and ultimately held the transcript of testimony should not be granted judicial notice. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (MTD at 3). Defendants' remaining authorities are distinguishable. *Zions Bancorporation, N.A. v. JPMorgan Chase Bank*, 2021 WL 3406641, (S.D. Cal. Aug. 3, 2021) (accuracy and translation not disputed); *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, (E.D. Cal. 2019) (similar); *Schuler v. Rainforest All., Inc.*, 2016 WL 10516026 (D. Vt. Feb. 10, 2016) (similar); *see also Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, 2016 WL 4072332, (C.D. Cal. July 27, 2016) (unopposed motion for anti-suit junction); *In re Jommi*, 2013 WL 6058201 (N.D. Cal. Nov. 15, 2013) (no translated documents at issue); *Mike's Train House, Inc. v. Lionel, L.L.C.,* 472 F.3d 398 (6th Cir. 2006) (applying Sixth Circuit rule on judicial notice of prior judgments).

Therefore, Exhibits C and E to Defendants' RJN are not properly subject to judicial notice.

### 2.    Even If The Documents Are Judicially Noticeable, Defendants Use Them For An Improper Purpose

"Although courts may take judicial notice of legally required public disclosure documents filed with the SEC, they may not take judicial notice of the documents for the truth of the matters asserted in them, but rather to establish that the matters had been publicly asserted." *Sec. & Exch. Comm'n v. Fiore*, 416 F. Supp. 3d 306, 328–29 (S.D.N.Y. 2019). Outside these categories, it is inappropriate to consider information or documents extrinsic to the complaint. *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006) (vacating dismissal where district court "erred by considering matters outside the pleadings"). It is black letter law that even if a document is properly subject to judicial notice, it may *not* be considered "for the truth of the matters asserted" within the document. *Roth*, 489 F.3d at 509.

### a) Defendants Have Improperly Offered Documents For The Truth Of The Matter Asserted

Defendants seek to submit the translated transcript of a hearing in the Israeli case (RJN Ex. C) and a form filed by Defendant Shifman in Israel (RJN Ex. E) for the truth of the matter asserted, which is an improper use of the judicial notice procedures. Defendants assert that they are "in negotiations with the PIPE investors, seeking to enforce their contractual rights," which they claim undermines Plaintiffs' allegations regarding PIPE financing. MTD at 12 (citing RJN Ex. C). Moshe similarly argues that that the Israel litigation is "substantively identical to plaintiffs' allegations." Moshe MTD at 5-6 (citing RJN Ex. C). Defendants use a form filed in Israel to judicially notice that Defendant Shiftman ceased serving as a director before the Offering Documents became effective. MTD at 18-20 (RJN Ex. E).

These arguments are wholly improper because Defendants seek to introduce facts that are not properly before the Court. *See Cabrera v. Schafer,* 178 F. Supp. 3d 69, 73 (E.D.N.Y. 2016) (rejecting defendants request to take judicial notice of quotes from hearing and testimony in prior legal proceeding as "[d]efendants seeks to establish the truth of the quotes" which "the Court cannot do under the guise of Rule 201."); *Guzman v. United States*, 2013 WL 543343, at *4 (S.D.N.Y. Feb. 14, 2013) (rejecting defendants' request to take judicial notice of underlying testimony in a prior legal proceeding because doing so "would be tantamount to accepting as true declarations made by those parties").

Defendants' authorities are almost exclusively out of this Circuit. *See* RJN 3-4. Defendants' sole Second Circuit case on this issue actually rejects Defendants' position. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (rejecting request for judicial notice of testimony given in prior legal proceeding as it was not "integral" to applicant's complaint and had been submitted, improperly, to seek to establish the truth of the matter).

Defendants' reliance on out-of-circuit precedent is also unpersuasive due to the disputed accuracy of these Exhibits.

Therefore, Exhibits C and E to Defendants RJN cannot properly be considered.

**b)      Defendants Improperly Use Documents To Defend The Accuracy Of The Offering Documents**

Defendants also improperly seek to submit certain documents to argue that the disclosures in the Registration Statement were accurate. *See Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir.2007) ("When a complaint alleges, for example, that a document filed with the SEC failed to disclose certain facts, it is appropriate for the court… 'only to determine *what* the document stated,' and *'not to prove the truth of [its] contents.'*") (cleaned up).

The Registration Statement is improperly invoked to argue Defendants truthfully disclosed the PIPE investors' commitment. MTD at 10 (citing RJN Ex. A). Moshe also uses the Registration Statement to argue that a separate company breached their subscription agreement with Hub, the nature of the misleading statements asserted in the AC, and the potential disclosures at issue. Moshe MTD at 6, 8-9 (citing DeFrancesco Decl. Ex. A). Hub's financial report is improperly invoked to submit that Hub must have had an "established" product at the time of the Business Combination because "Hub had meaningful revenue during the first six months of 2023." MTD at 17 (citing RJN Ex. D). An April 2022 presentation—filed over six months before the Registration Statement was effective in December 2022—is improperly invoked to assert the Registration Statement contained sufficient cautionary language.  Moshe MTD at 7 (citing DeFrancesco Decl. Ex. C).

Their arguments are improper. Defendants' "self-serving statements in these forms are not the silver bullets [Defendants] think they are" because the Court cannot use these documents to prove the truth of their contents. *Donoghue v. Gad,* 2022 WL 3156181, at *8 (S.D.N.Y. Aug. 8,

2022); *Wagner v. Royal Bank of Scotland Grp. PLC,* 2013 WL 4779039, at *3 (S.D.N.Y. Sept. 5, 2013) ("Defendants rely on Form 4 not to demonstrate that certain statements were included or omitted, but rather to establish the truth of the matters asserted in those statements. That is not permitted.").

Accordingly, the Court should not consider Exhibits A and D to Defendants' RJN and Exhibits A and C to the DeFrancesco Declaration in ruling on Defendants' motions.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice of Exhibits A though E to Defendants' RJN and not consider Exhibits A and C to DeFrancesco's Declaration.

Dated: July 15, 2024

Respectfully submitted,

*/s/ Casey E. Sadler*
**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Casey E. Sadler (admitted *pro hac vice*)
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
rprongay@glancylaw.com
csadler@glancylaw.com
prajesh@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Tel: (212) 682-5340
Fax: (212) 884-0988
glinkh@glancylaw.com

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
22a Mazzeh St.
Tel-Aviv, Israel
Tel: (++972) 39070770

*Counsel for Lead Plaintiffs and Co-Lead Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Tel: (212) 661-1100
Fax: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Additional Plaintiffs Rodrigue Fodjo and Dustin Green*

9

## **PROOF OF SERVICE**

I hereby certify that on this 15th day of July, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Casey E. Sadler*
Casey E. Sadler