UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE HUB CYBER SECURITY LTD. | 1:23-CV-05764-AS |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF EYAL MOSHE'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

PIERSON FERDINAND LLP
Aurora Cassirer
Matthew DeFrancesco
Christina H. Bost Seaton
1270 Avenue of the Americas
Seventh Fl.-7050
New York, NY 10020
Tel.: (917)-817-6617
Aurora.cassirer@pierferd.com
Matthew.defrancesco@pierferd.com
*Counsel for Defendant Eyal Moshe*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.  Plaintiffs Have Failed to Dispute that Israel is a More Convenient Forum .............................. 1

    II. Plaintiffs' Complaint is also Subject to Dismissal for Lack of Standing ................................. 4

    III. Plaintiffs Fail to State a Claim .................................................................................................. 5

CONCLUSION .............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Allstate Life Ins. Co. v. Linter Grp., Ltd.*, 994 F.2d 996, (2d Cir. 1993)...........................................1, 2

*Cf. First Union Nat'l Bank v. Banque Paribas*, 135 F. Supp. 2d 443 (S.D.N.Y. 2001) ......................3

*Diatronics v. Elbit Co.*, No. 86-7693, 1987 U.S. App. LEXIS 9349 (2d Cir. Jan. 22, 1987) ..............4

*Diatronics, Inc. v. Elbit Computers, Ltd.*, 649 F. Supp. 127 (S.D.N.Y. 1986)....................................4

*Diatronics, Inc. v. Elbit Computs., Ltd.*, 649 F. Supp. 122 (S.D.N.Y. 1986).....................................4

*Ho v. Duoyuan Glob. Water, Inc.*, 887 F.Supp.2d 547  (S.D.N.Y. 2012)............................................5

*Howe v. Goldcorp Invest., Ltd.,* 946 F.2d 944 (1st Cir. 1991) ..............................................................2

*In re Carlotz, Inc. Sec. Litig.*, 667 F. Supp. 71 (S.D.N.Y. 2023) .....................................................4, 5

*In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279 (E.D.N.Y. 2002) .3*In re Global Crossing*, 313 F. Supp. 2d 189 (S.D.N.Y. 2003)........................................................................................................5

*In re iAnthus Cap. Holdings, Inc. Sec. Litig.*, 2022 WL 4539119 (S.D.N.Y. Sept. 28, 2022).............3

*Lanigan Grp., Inc. v. Li-Cycle Holdings Corp.,* No. 22-CV-02222 (HG) (RML), 2023 U.S. Dist. LEXIS 180874 (E.D.N.Y. Oct. 6, 2023)........................................................................................5

*Otor, S.A. v. Credit Lyonnais, S.A.*, 04-CV-6978, 2006 U.S. Dist. LEXIS 64885 (S.D.N.Y. 2006) ...2

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 886 F. Supp. 2d 328 (S.D.N.Y. 2012)...........................................................................................................5

*Red Rock Holdings, Ltd. v. Union Bank Tr. Co.*, No. 97-CV5008 JGK, 1998 WL 474094 (S.D.N.Y. Aug. 11, 1998) ...............................................................................................................................3

*Turedi v. Coca Cola Co.*, 460 F. Supp. 2d 507 (S.D.N.Y. 2006).........................................................3

*Villella v. Chem. & Mining Co. of Chile Inc.*, 2017 WL 1169629 (S.D.N.Y. Mar. 28, 2017).............3

*Yung v. Integ. Transp. Network Grp.*, No. 00-CV-3965, 2001 U.S. Dist. LEXIS 24715 (S.D.N.Y. Sept. 4, 2001) ...............................................................................................................................2

**Other Authorities**

A. Klement, *The Unexpected Effects of Israeli Courts' Approach to Dual-Listed Companies,* 23
    Theoretical Inq. L. 37 (Jan. 2022) and The Securities Law, Chapter 5C .........................................4

Defendant Eyal Moshe respectfully submits this reply memorandum of law in further support of his Motion for an order dismissing the Amended Complaint.[1]

## PRELIMINARY STATEMENT

Plaintiffs argue, without support, that the doctrine of *forum non conveniens* is inapplicable to Securities Act claims. There is no such exception enumerated in statute or in common law. In fact, the doctrine of *forum non conveniens* is alive and well, including securities cases, and numerous courts have dismissed such claims in favor of foreign tribunals, including Israel.

Plaintiffs cannot dispute that this matter concerns: (1) an Israeli company (*i.e.*, Hub) and Israeli predecessor (*i.e.*, Hub Israel), governed by Israeli law; (2) numerous Israeli defendants; (3) alleged corporate misconduct occurring in Israel; and (4) claims brought by some Israeli Plaintiffs. It is undisputed that many defendants herein are also defending a first-filed class action in Israel (an adequate forum) alleging similar claims.[2]

Finally, Plaintiffs lack standing to bring their substantively deficient claims. And the complaint fails to state a claim.

## ARGUMENT

### I.    Plaintiffs Have Failed to Dispute that Israel is a More Convenient Forum

It is long-established Second Circuit law that securities claims are not exempt from the doctrine of *forum non conveniens*, and are subject to the same *forum non conveniens* analysis as applies in any other litigation. *See Allstate Life Ins. Co. v. Linter Grp., Ltd.*, 994 F.2d 996, 1002 (2d Cir. 1993) (affirming dismissal of securities litigation on the basis of *forum non conveniens*; holding that although "courts have an interest in  . . . [U.S.] Securities laws, this alone does not

---

[1] All Capitalized terms herein shall have the same definition as in the Moving Brief (ECF 93).

[2] Mr. Moshe has not made any admissions or conceded any facts; on a motion to dismiss the court must accept the facts as stated, *see* Def.'s Mem., at 10 (ECF No. 93).

prohibit them from dismissing a securities action on the ground of *forum non conveniens*"), *citing Howe v. Goldcorp Invest., Ltd.,* 946 F.2d 944, 950 (1st Cir. 1991) (securities litigations "are not immune" from *forum non conveniens* dismissal); *see also Yung v. Integ. Transp. Network Grp.,* No. 00-CV-3965, 2001 U.S. Dist. LEXIS 24715, *36 (S.D.N.Y. Sept. 4, 2001) (application of U.S. securities law "is not . . . controlling" under *forum non conveniens*), *Otor, S.A. v. Credit Lyonnais, S.A.*, 04-CV-6978, 2006 U.S. Dist. LEXIS 64885, *24 (S.D.N.Y. 2006) (same); and *Church v. Glenmore PLC*, 2020 U.S. Dist. LEXIS 136028 (D.N.J. 2020) (dismissing securities action on the basis of *forum non conveniens* after lengthy discussion, and citing *Allstate Life, supra*, among other cases).

The cases cited by Plaintiff do not warrant a contrary conclusion. Notably, in *DiRienzo*, upon which Plaintiffs primarily rely, the Second Circuit did <u>not</u> choose to overrule its previous holding in *Allstate Life Ins. Co. v. Linter Grp., Ltd*. and rather relied upon it in applying the *forum non conveniens* analysis.  294 F.3d at 66.  The *DiRienzo* court did not hold that U.S. securities law claims are exempt from the *forum non conveniens* analysis; instead, the court applied the analysis and determined, upon the facts therein, that the U.S. had the greater interest.  *Id*.

The facts in the *DiRienzo* case are distinguishable than the instant case. For example, the issuer in *DiRienzo* had "aggressively promoted the stock," including in-person "road shows" in multiple cities in the United States." 232 F.3d at 53. Further, in that case (unlike the present case), the majority of investors were American, and the plaintiffs believed that the United States provided a substantive advantage because of the differences in how it and Canada viewed the securities law claim alleged in that case. *Id.* Here, however, the majority of marketing and investment was made in Israel, by Israelis. Lead Plaintiffs purchased shares in Legacy Hub (which was listed on the Tel Aviv Stock Exchange) (AC ¶¶19-22), Lead Plaintiffs Agam and Aharon reside in Israel (ECF 20-

2

5), and Plaintiff Efrat is, upon information and belief, owned or managed in whole or in part by Israel-based Efrat Investments.[3] Moreover, the other securities law cases are also factually distinguishable. *Cf. In re iAnthus Cap. Holdings, Inc. Sec. Litig.*, 2022 WL 4539119, at *11 (S.D.N.Y. Sept. 28, 2022) (U.S. plaintiff and U.S.-headquartered defendants); *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 300 (E.D.N.Y. 2002) (only U.S. plaintiffs); *Villella v. Chem. & Mining Co. of Chile Inc.*, 2017 WL 1169629, at *7 (S.D.N.Y. Mar. 28, 2017) (observing that "3.5 million documents" were "collected in the U.S").

The *forum non conveniens* analysis is in Mr. Moshe's favor. First, the "private interests" prong strongly favors Israel; Plaintiffs do not contest that the vast majority, if not all, of the evidence is in Israel, where the first-filed action, dealing with the same alleged misconduct, and many of the same defendants, is pending. *Cf. First Union Nat'l Bank v. Banque Paribas*, 135 F. Supp. 2d 443, 453 (S.D.N.Y. 2001) (granting *forum non conveniens* dismissal where first-filed related litigation was pending); *see also Red Rock Holdings, Ltd. v. Union Bank Tr. Co.*, No. 97-CV5008 JGK, 1998 WL 474094, at *9 (S.D.N.Y. Aug. 11, 1998), *aff'd* as modified, 181 F.3d 83 (2d Cir. 1999) (dismissing on *forum non conveniens* grounds in favor of litigation in Israel).

Second, the "public interests" prong also favors Israel; this case concerns an Israeli corporation, and Israeli courts have been overseeing the first-filed Israeli Litigation, involving similar allegations, for more than a year, and are familiar with the underlying facts. *See, e.g.*, *Turedi v. Coca Cola Co.*, 460 F. Supp. 2d 507, 528 (S.D.N.Y. 2006) (dismissing for *forum non conveniens* in favor of first-filed case); *Red Rock Holdings*, 97-CV-5008, 1998 WL 474094, at *10 (S.D.N.Y. Aug. 10, 1998) (dismissing in favor of Israel); *Diatronics, Inc. v. Elbit Computs., Ltd.*,

---

[3] Declaration of Aurora Cassirer sworn to August 9, 2024, attaching print-out of Efrat's website and LinkedIn page of Pinny Rotter, Efrat' CIO. *See also* ECF 20-6 (Efrat's Certification signed by Pinny Rotter). This suggests that Efrat's Rule 7.1 Statement was misleading (*id*.).

3

649 F. Supp. 122, 129-30 (S.D.N.Y. 1986) (same).  Plaintiffs do not challenge that the Israeli litigation involves: (1) numerous overlapping parties; (2) the same securities; and (3) the same substantive claims; *i.e.*, allegations concerning the failure to close the PIPE financing.

This court has already determined that Israel is an adequate forum for U.S. securities laws claims. *See Diatronics, Inc. v. Elbit Computers, Ltd.*, 649 F. Supp. 127 (S.D.N.Y. 1986) *aff'd Diatronics v. Elbit Co.*, No. 86-7693, 1987 U.S. App. LEXIS 9349 (2d Cir. Jan. 22, 1987), *see also* ECF 93, p. 12.[4]  Israel has only become more adept at litigating this issues because Israel has, in some instances, explicitly adopted U.S. securities law disclosure requirements.  *See, e.g.,* A. Klement, *The Unexpected Effects of Israeli Courts' Approach to Dual-Listed Companies,* 23 Theoretical Inq. L. 37 (Jan. 2022) and The Securities Law, Chapter 5C, *available at* THE SECURITIES LAW, 5728-1968, (isa.gov.il).

**II.      Plaintiffs' Complaint is also Subject to Dismissal for Lack of Standing**

Plaintiffs do not have standing as they are not challenging the same registration statement pursuant to which they bought their shares.  *See In re Carlotz, Inc. Sec. Litig.*, 667 F. Supp. 71, 81 (S.D.N.Y. 2023) (Section 11 plaintiff "can only challenge the same registration statement under which…securities were issued;" and cannot argue that a registration statement's corporate event transformed their pre-purchased securities).  Plaintiffs argue that "the *Carlotz* plaintiff did not receive newly registered shares, but Plaintiffs here did" (ECF 96, p.13) but this is patently inaccurate. Plaintiffs did <u>not</u> receive "newly registered securities" and, in fact, stand in precisely the same position at the *Carlotz* plaintiff—their securities in the pre-merger companies were

---

[4]*DiRienzo* distinguished *Diatronics* because it involved investment in an Israeli company, largely negotiated in Israel, and involving Israeli attorneys.  *DiRienzo*, 232 F.3d at 64.  The facts here are similar to *Diatronics*; thus, Plaintiffs' main authority calls for dismissal herein.

automatically converted into Hub securities upon the effective date. AC, at ¶52.  The Second Circuit has expressly rejected this argument, as set forth in *Carlotz. See* ECF 93, pp.17-19), *see also, Lanigan Grp., Inc. v. Li-Cycle Holdings Corp.,* No. 22-CV-02222 (HG) (RML), 2023 U.S. Dist. LEXIS 180874, at *32 (E.D.N.Y. Oct. 6, 2023) (same); *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 886 F. Supp. 2d 328, 339 (S.D.N.Y. 2012) (same).

Plaintiffs also failed to rebut that the Hub shares allegedly purchased after the de-SPAC are not traceable to the Registration Statement; this renders their claim deficient.  *See In re Carlotz, Inc. Sec. Litig.*, 667 F. Supp. 3d at 80 ("courts [in the Second Circuit]…[have] required plaintiffs to plead as well as prove that their shares were issued pursuant to the misleading registration statement") (*quoting In re Global Crossing*, 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003)); *see also Ho v. Duoyuan Glob. Water, Inc.*, 887 F.Supp.2d 547, 561 (S.D.N.Y. 2012) ("plaintiffs are not entitled to a presumption of traceability"; requiring proof of "a direct line of traceability").[5]

### III.    Plaintiffs Fail to State a Claim

Finally, Plaintiffs disingenuously complain that Moving Defendant incorporated by reference the arguments made by Hub in its memorandum as to Plaintiffs' failure to state a claim, but used the same device themselves (ECF 95, p.7 ("Plaintiffs respond to Defendants' overlapping arguments about standing in the concurrently filed opposition to Moshe's motion to dismiss")).

### **CONCLUSION**

For the reasons set forth above, by Moving Defendant previously, and for the reasons set forth in co-Defendants' moving papers, Mr. Moshe respectfully requests that this Court dismiss

---

[5] Moving Defendant incorporates by reference the standing arguments set forth in Hub's motion to dismiss, and reply, as well as arguments regarding Plaintiffs' failure to state a claim.

Plaintiffs Complaint as against him, in its entirety and with prejudice.

Dated August 9, 2024                         **PIERSON FERDINAND LLP**
New York, NY

                                                */s/ Aurora Cassirer*
                                                Aurora Cassirer
                                                Christina H. Bost Seaton
                                                Matthew DeFrancesco
                                                1270 Avenue of the Americas
                                                Seventh Fl.-7050
                                                New York, NY 10020
                                                Tel.: (917)-817-6617
                                                Aurora.cassirer@pierferd.com
                                                Matthew.defrancesco@pierferd.com
                                                *Counsel for Defendant Eyal Moshe*

6