**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HUB CYBER SECURITY LTD., | Case No. 1:23-cv-05764-AS <br><br> Hon. Arun Subramanian <br><br> **ORAL ARGUMENT REQUESTED** |

**<u>DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT</u>**

Ari M. Berman
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: ari.berman@pillsburylaw.com

*Counsel for Defendants Hub Cyber Security Ltd.,
Manish Agarwal, Matthew Kearney, Hugo
Goldman, Uzi Moscovich, Zeev Zell, Moti Franko,
Levana Shifman, and Moshe Raines*

Dated: August 9, 2024

**TABLE OF CONTENTS**

Page

I.      ARGUMENT ................................................................................................ 1

    A.      Plaintiffs do not have standing under Section 11 or Section 12. ............................ 1

        1.      Section 11 .............................................................................. 1

        2.      Section 12 .............................................................................. 2

    B.      Plaintiffs fail to satisfy Rule 9(b). ............................................................ 2

    C.      Plaintiffs fail to state a claim. ................................................................ 3

        1.      PIPE financing ......................................................................... 3

        2.      Embezzlement .......................................................................... 4

        3.      HUB's product line .................................................................... 4

    D.      The Individual Defendants are neither statutory sellers nor control persons .......... 5

II.     CONCLUSION ............................................................................................ 5

**TABLE OF AUTHORITIES**

Page(s)

<u>Cases</u>

*In re CarLotz, Inc. Securities Litigation*,
    667 F. Supp. 3d 71 (S.D.N.Y. 2023)...................................................................................1, 2

*Citiline Holdings, Inc. v. iStar Financial Inc.*,
    701 F. Supp. 2d 506 (S.D.N.Y. 2010).......................................................................................5

*Coronel v. Quanta Cap. Holdings Ltd.*,
    No. 07 CIV. 1405 (RPP), 2009 WL 174656 (S.D.N.Y. Jan. 26, 2009).....................................2

*ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*,
    553 F.3d 187 (2d Cir. 2009).......................................................................................................4

*In re HEXO Corp. Sec. Litig.*,
    524 F. Supp. 3d 283 (S.D.N.Y. 2021).......................................................................................3

*In re JP Morgan Chase Sec. Litig.*,
    363 F. Supp. 2d 595 (S.D.N.Y. 2005).......................................................................................3

*Lanigan Grp., Inc. v. Li-Cycle Holdings Corp.*,
    No. 22-CV-02222, 2023 WL 6541884 (E.D.N.Y. Oct. 6, 2023)...............................................1

*In re Lehman Bros. Mortg.-Backed Sec. Litig.*,
    650 F.3d 167 (2d Cir. 2011).......................................................................................................5

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
    886 F. Supp. 2d 328 (S.D.N.Y. 2012).......................................................................................1

*Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*,
    714 F. Supp. 2d 475 (S.D.N.Y. 2010).......................................................................................2

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004).......................................................................................................3

*Yaroni v. Pintec Tech. Holdings Ltd.*,
    600 F. Supp. 3d 385 (S.D.N.Y. 2022).......................................................................................4

*Yi Xiang v. Inovalon Holdings, Inc.*,
    254 F. Supp. 3d 635 (S.D.N.Y. 2017).......................................................................................5

<u>Statutes and Codes</u>

United States Code
    Title 15, Section 77k(a)............................................................................................................2
    Title 15, Section 77*l*(a) .........................................................................................................2

Defendants Hub Cyber Security Ltd. ("Hub"), Manish Agarwal, Matthew Kearney, Hugo Goldman, Uzi Moscovich, Zeev Zell, Moti Franko, and Moshe Raines[1] respectfully submit this Reply Memorandum of Law in support of their Motion to Dismiss the Amended Complaint (the "Motion").

## I.    ARGUMENT

### A.    Plaintiffs do not have standing under Section 11 or Section 12.

#### 1.    Section 11

Plaintiffs do nothing to change the fact that they do not have standing under Section 11 based on *In re CarLotz, Inc. Securities Litigation*, 667 F. Supp. 3d 71 (S.D.N.Y. 2023). In *CarLotz,* the District Court explained that the plaintiff did not have Section 11 standing because he "did not purchase his . . . shares pursuant to the S-4 registration statement being challenged—he purchased them before any securities were offered pursuant to the merger." *CarLotz*, 667 F. Supp. 3d at 81. Other courts have agreed with *CarLotz*'s conclusion. *See Lanigan Grp., Inc. v. Li-Cycle Holdings Corp.*, No. 22-CV-02222, 2023 WL 6541884, at *10 (E.D.N.Y. Oct. 6, 2023) (plaintiff who "purchased all of its Peridot shares before Li-Cycle even published its Registration Statement" does not have statutory standing under Section 11); *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 886 F. Supp. 2d 328, 339 (S.D.N.Y. 2012) ("[B]ecause Plaintiff purchased shares before the challenged offerings, it cannot possibly 'trace' its stock purchases to an offering or registration statement.") (emphasis in original). Accordingly, Plaintiffs' purchasing of their respective shares in Hub Israel and Mount Rainier *prior* to the Business Combination is plainly insufficient to confer Section 11 standing.

---

[1] The parties have stipulated to dismiss Defendant Levana Shifman from the case. *See* ECF 100.

1

Plaintiffs attempt to distinguish *CarLotz* by asserting that their Hub shares were "newly registered securities," while those in *CarLotz* were not. ECF 96 at 13-14. But this is a misplaced distinction and does not salvage Plaintiffs' infirm standing. The shares at issue in *CarLotz* also had a different name and CUSIP number before and after the merger, i.e., they experienced the same changes as the Plaintiffs' shares here. *Compare* Declaration of Ari M. Berman ("Berman Decl."), Ex. 2, *with* Ex. 3; *compare* Berman Decl. Ex. 4, *with* Ex. 5. There is no meaningful difference between the conversion of the plaintiffs' shares in *CarLotz* and those here.

Plaintiffs' aftermarket purchases cannot rescue their standing argument. Because neither the Hub Israel shareholders nor Mount Rainier shareholders had Section 11 standing after the Business Combination, anyone who purchased "such securities"—the Hub shares—in the aftermarket likewise lacks Section 11 standing. *See* 15 U.S.C. § 77k(a).

### 2.    Section 12

Plaintiffs appear to argue that they have Section 12 standing because they acquired their securities directly in an offering. ECF 96 at 15. But Section 12 only permits claims by plaintiffs who *purchase* the shares in an offering. 15 U.S.C. § 77*l*(a); *Pub. Emps.' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 484 (S.D.N.Y. 2010). Plaintiffs do not dispute that they did not *purchase* any shares in any Hub offering. Rather, Plaintiffs previously purchased shares in Hub Israel and Mount Rainier *prior* to the Business Combination, and purchased shares in Hub in the *aftermarket*. Neither is sufficient.

### B.    Plaintiffs fail to satisfy Rule 9(b).

Contrary to Plaintiffs' assertion, *see* ECF 95 at 8, if Rule 9(b) applies (which it plainly should based on the Amended Complaints' many allegations which sound in fraud), Plaintiffs must allege scienter. *See Coronel v. Quanta Cap. Holdings Ltd.*, No. 07 CIV. 1405 (RPP), 2009 WL 174656, at *16 (S.D.N.Y. Jan. 26, 2009) (explaining that when Rule 9(b) applies to a Section 11

2

claim "a complaint must convey through factual allegations that the defendants made materially false statements, and that they did so with scienter"); *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 618 (S.D.N.Y. 2005) (dismissing Section 11 claim for failure to allege scienter where Rule 9(b) applied). There is no dispute that Plaintiffs failed to allege scienter here. Further, Plaintiffs claim that they "need only identify with specificity the allegedly actionable statements and the reasons for falsity." ECF 95 at 8. But the standard requires they specify not only the reasons for *falsity*, but "why the statements were *fraudulent*." *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (emphasis added). Plaintiffs failed to do so.

### C. Plaintiffs fail to state a claim.

#### 1. PIPE financing

Under Plaintiffs' logic, it would be actionable securities fraud any time a company discloses the existence of a commercial agreement if the counterparty to such agreement later breaches the agreement. *See* ECF 95 at 13-14. As explained in the Motion, the fact that the PIPE financing fell through does not mean it was not committed in the first place. *See, e.g.*, *In re HEXO Corp. Sec. Litig.*, 524 F. Supp. 3d 283, 297 (S.D.N.Y. 2021). Plaintiffs argue that Defendants "became aware of new facts after the effective date and failed to update offering documents before the offering commenced." ECF 95 at 14. But the record is clear that Defendants *did* update investors regarding known PIPE-related developments between the Registration Statement's effective date in December 2022 and the closing of the Business Combination in February 2023. On February 2, 2023, Hub Israel "disclosed that it 'had received an irrevocable commitment by A-Labs Advisory & Finance Ltd. to substitute a current HUB PIPE investor, Clover Wolf Fund, in the sum US$ 10 million on the same terms.'" AC ¶ 70. Moreover, on February 28, 2023, at the closing, Hub disclosed that "[t]he PIPE Financing did not consummate at closing of the Business

Combination." AC ¶ 73. In short, Plaintiffs fail to plausibly show that Hub failed to disclose all material information as it became known.

### 2. Embezzlement

Plaintiffs have not plausibly alleged that Defendants were aware of any embezzlement, let alone had any duty to disclose any unknown embezzlement. Plaintiffs claim that the Defendants' disclosures about the internal controls were misleading, and are thus actionable, but "Plaintiff's claims with respect to [Defendants'] statements about its internal controls fail as a matter of law because [Defendants] disclosed the risk at issue." *See Yaroni v. Pintec Tech. Holdings Ltd.*, 600 F. Supp. 3d 385, 398 (S.D.N.Y. 2022). As acknowledged in the Amended Complaint, the Offering Documents disclosed that Hub's internal controls were inadequate – that the company later discovered an immaterial amount of embezzlement (and promptly disclosed it) does not make its earlier disclosures incorrect. Moreover, the purported embezzlement amount falls well below the 5% threshold of presumed materiality. *See ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 203-05 (2d Cir. 2009).

### 3. HUB's product line

Plaintiffs' argument boils down to whether the Court believes a securities claim can be sustained based on the semantic distinction between the Company's disclosure that it had "established products" and a later translation of a news article in which the then-former CEO purportedly stated that, at the time of the Business Combination, "the company's flagship product existed and was being sold, but improvements were required." AC ¶¶ 94-95. Defendants contend that there is nothing meaningfully inconsistent between Mr. Moscovich's quoted statement (even if true) and the company's Offering Documents – which disclosed that Hub Israel had "established products," AC ¶ 124, and that the products needed improvements, RJN Exs. A, B.

**D.      The Individual Defendants are neither statutory sellers nor control persons.**

In arguing that "allegations on a motion to dismiss that a defendant signed a registration statement is sufficient to show that they are a statutory seller" for purposes of Section 12, *see* ECF 95 at 18, Plaintiffs rely on cases from before *Citiline Holdings, Inc. v. iStar Financial Inc.*, 701 F. Supp. 2d 506 (S.D.N.Y. 2010), which explained that those cases are out of step with the greater weight of authority and held that a signature is *not* enough to be a statutory seller. *Id.* at 512. "Courts in this District have consistently followed the rule from *Citiline* since the decision was issued." *Yi Xiang v. Inovalon Holdings, Inc.*, 254 F. Supp. 3d 635, 646 (S.D.N.Y. 2017) (collecting cases).

Courts also consistently dismiss Section 15 claims for including only boilerplate allegations of officer or director status. *See* ECF 86 at 19-20 (collecting cases). Moreover, Plaintiffs are incorrect as to the requirement to plead culpable conduct (ECF 95 at 18-19)—as explained in the Motion, there is a split in this District, and many courts require it. *See In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 186 (2d Cir. 2011). Regardless of whether this Court does so too, Plaintiffs' boilerplate allegations plainly do not suffice. *See* ECF 86 at 18-19.

## II.      CONCLUSION

For the reasons herein, the claims against Defendants should be dismissed with prejudice.

Dated:  August 9, 2024                                    Respectfully submitted,

                                                              */s/ Ari M. Berman*
                                                              Ari M. Berman

                                                              Pillsbury Winthrop Shaw Pittman LLP
                                                              31 West 52nd Street
                                                              New York, NY 10019-6131
                                                              Tel. No.: (212) 858-1638
                                                              Fax No.: (212) 858-1500
                                                              E-mail: ari.berman@pillsburylaw.com

*Counsel for Defendants Hub Cyber Security Ltd., Manish Agarwal, Matthew Kearney, Hugo Goldman, Uzi Moscovich, Zeev Zell, Moti Franko, Levana Shifman, and Moshe Raines*

## CERTIFICATE OF SERVICE

I, Ari M. Berman, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of August, 2024.

*/s/ Ari M. Berman*
Ari M. Berman