**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HUB CYBER SECURITY LTD., | Case No. 1:23-cv-05764-AS<br><br>Hon. Arun Subramanian |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, Defendants Hub Cyber Security Ltd. ("Hub"), Manish Agarwal, Matthew Kearney, Hugo Goldman, Uzi Moscovich, Zeev Zell, Moti Franko, and Moshe Raines[1] ("Defendants") respectfully submit this Reply to Plaintiffs' Opposition to Defendants' Motion for Judicial Notice ("RJN").

At issue are four Exhibits.[2] *See* ECFs 88-1-88-4. Exhibits A and B are the Offering Documents that are referenced throughout Plaintiffs' Amended Complaint, Exhibit C is a transcript of the motion to dismiss hearing in the Israeli Action, and Exhibit D is a Hub SEC filing.

## I.    PLAINTIFFS DO NOT QUESTION THE AUTHENTICITY OF EXHIBITS

Plaintiffs do not contest the authenticity or accuracy of Exhibits A, B, and D. *See* ECF 98. Because "no dispute exists regarding the authenticity or accuracy" of these documents, they are

---

[1] The parties have stipulated to dismiss Ms. Shifman from this case. *See* ECF 100.

[2] As the Parties have stipulated to dismiss Ms. Shifman, *see* ECF 100, the request to judicially notice Exhibit E is now moot. *See* ECF 88-5.

appropriate for judicial notice. *See Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006); *see also* Fed. R. Evid. 201(b).

Further, while Plaintiffs question the accuracy of the *translation* of Exhibit C (a transcript of the motion to dismiss hearing in the Israeli Action), they do not question the authenticity or accuracy of Exhibit C itself. Plaintiffs note (*see* ECF 98 at 4), and Defendants agree, that there appear to be inconsistencies in the translation of Exhibit C. The translator has reviewed the translation for any errors and has provided a corrected translation. Defendants apologize for the error and hereby submit a corrected certified translation of Exhibit C. *See* Declaration of Ari M. Berman ("Berman Decl."), Ex. 1. The translation was provided by TransPerfect, an organization globally certified in providing quality and accurate translations. *See id.*

The new translation corrects the typo that Plaintiffs highlight—that Hub "did take undertake legal proceedings"—and no longer includes seemingly conflicting statements. *See* ECF 98 at 4. The revised translation reads "the company did not undertake legal proceedings." *See* Berman Decl., Ex. 1. This sentence now makes grammatical sense, and it does not conflict with the statement that "legal proceedings have not been taken against the PIPE investors." *See* ECF 98 at 4. Since Defendants have clarified the accuracy of the translation of Exhibit C, and Plaintiffs do not contest the accuracy of the underlying Exhibit, Exhibit C is also appropriate for judicial notice.

## II. ALL DOCUMENTS ARE SUBJECT TO JUDICIAL NOTICE, EVEN IF INCORPORATION BY REFERENCE IS NOT APPLICABLE

Plaintiffs argue that certain documents – Exhibits C and D –are not subject to judicial notice because they were not referred to in the Amended Complaint and are offered for the truth of the matter asserted. ECF 98 at 3, 7-8. It is axiomatic that a court may take judicial notice of facts that are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot be reasonably be questioned. Fed. R. Evid. 201(c)-(d). Moreover,

the federal rules do not require that a document be incorporated by reference into a complaint to be judicially noticeable. *Id.*

This Court may take judicial notice of foreign public records (like Exhibit C) that are not offered for the truth of the matter asserted. Plaintiffs mistakenly assert that *Global Network Communications, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006) rejects Defendants' position that a public record from another court of law may be subject to judicial notice. *See* ECF 98 at 6. There the Second Circuit recognized that a determination and testimony in another court matter may be "a public record susceptible to judicial notice" but declined to judicially notice the proffered documents because the defendant was using them for the truth of the matters asserted. *Id.* Moreover, other courts in this circuit have taken judicial notice of foreign court documents when they are accompanied by a properly certified translation of the filing. *See Schuler v. Rainforest All., Inc.*, No. 2:14-cv-226, 2016 WL 10516026, at *5 (D. Vt. Feb. 10, 2016) (taking judicial notice of certified translation of documents in litigation in Mexico).

Defendants reference Exhibit C to demonstrate only that Hub, in a foreign court of law, mentioned that it is considering their rights vis-à-vis the PIPE investors who failed to live up to their commitments. *See* ECF 86 at 4, 12. Whether Hub ultimately decides to pursue a claim against the PIPE investors does not change the fact that Hub's disclosure that the PIPE investors were "committed" was true when made. *Id.* at 12-14. At bottom, Exhibit C is a public record, accompanied by a certified translation, and it is appropriate for judicial notice.

Exhibit D is an SEC filing not reasonably subject to dispute; accordingly, it is the proper subject of judicial notice. SEC filings are documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs mistakenly assert that *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) suggests

that courts cannot consider any extraneous material outside of a complaint. Rather, the Second Circuit in *Kramer* instead held that it would be "highly impractical and inconsistent with Fed. R. Evid. 201 to preclude a district court from considering [SEC public disclosure] documents when faced with a motion to dismiss a securities action based on allegations of material misrepresentations or omissions." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Defendants reference Exhibit D to show that Hub's reporting of revenue in the first half of 2023 indicates that, contrary to Plaintiffs' attempt to manufacture purported inconsistencies between a translated quote by the then-former CEO (Mr. Moscovich) and the company's Offering Documents, the company's SEC filings show revenue associated with the company's products. ECF 86 at 17.

Finally, Plaintiffs argue, in a footnote, that Exhibit B (Form 424B3, filed with the Securities and Exchange Commission on December 9, 2022) is not subject to judicial notice because Defendants did not reference it in their motion to dismiss. ECF 98 at 3. First, Defendants do reference Exhibit B in their motion to dismiss. *See* ECF 86 at 18. Regardless of this fact, Plaintiffs' point is not the law in this Circuit. To the contrary, especially when ruling on a motion to dismiss a complaint alleging misrepresentations or omissions in connection with SEC filings, "it is appropriate for the Court to take judicial notice of and consider those documents, as long as the Court considers them 'only to determine what the documents stated,' and 'not to prove the truth of their contents.'" *Sharette v. Credit Suisse Int'l*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015) (quoting *Kramer*, 937 F.2d at 774).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Judicial Notice.

Dated: August 9, 2024

Respectfully submitted,

PILLSBURY WINTHROP SHAW
PITTMAN LLP

 /s/ *Ari M. Berman*
Ari M. Berman

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Tel. No.: (212) 858-1638
Fax No.: (212) 858-1500
E-mail: ari.berman@pillsburylaw.com

***Counsel for Defendants Hub Cyber Security
Ltd., Manish Agarwal, Matthew Kearney, Hugo
Goldman, Uzi Moscovich, Zeev Zell, Moti
Franko, Levana Shifman, and Moshe Raines***

**CERTIFICATE OF SERVICE**

I, Ari M. Berman, hereby certify that this document filed through the ECF system will be sent electronically via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of August, 2024.

*/s/ Ari M. Berman*
Ari M. Berman