**PIERSON FERDINAND**

**Aurora Cassirer**
**Partner**
**aurora.cassirer@pierferd.com**
**Direct: 917-817-6617**
**1270 Avenue of the Americas**
**7th Floor--1050**
**New York, NY 10020**

February 7, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge for the
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:    In re Hub Cyber Security Ltd., Master File No. 1:23-cv-05764-AS (S.D.N.Y.)

Dear Judge Subramanian:

We represent Defendant Eyal Moshe in connection with the above action. We write in response to your order of February 3, 2025.

1) Were the defendants required to distribute a prospectus in connection with the transactions alleged in the complaint? (The question should be answered "Yes" or "No" and then any clarification may be provided.)

Yes.

2) The Court's understanding is that as part of the de-SPAC merger, if RNER shareholders did not previously redeem their shares, then upon the closing of the transaction, RNER shareholders received, in exchange for their RNER shares, HUB Security shares issued as part of the transaction. Is that correct? (The question should be answered "Yes" or "No" and then any clarification may be provided.)

Yes. The RNER shares would be "automatically converted" into Hub shares – they would not be receiving "newly registered shares".  As provided in the Registration Statement:

(a) each unit of RNER ("RNER Unit") issued and outstanding immediately prior to the Effective Time will be automatically detached and the holder of each such RNER Unit will be deemed to hold one share of RNER common stock, par value $0.0001 per share ("RNER Common Stock" and each share of RNER Common Stock, "RNER Share") and one warrant of RNER entitling the holder to purchase three-fourths of one RNER Share per warrant at a price of $11.50 per whole share (each, a "RNER warrant"), (b) each RNER Share issued and outstanding immediately prior to the Effective Time will be ***automatically converted*** into a number of HUB Security ordinary shares equal to the quotient of (i) an aggregate number of HUB Security ordinary shares equal to the amount obtained by dividing (A) $221,582,000 less the amounts payable to the RNER stockholders pursuant to the right of the holders of RNER Shares to redeem all

 **PIERSON FERDINAND**

The Honorable Arun Subramanian
February 7, 2025
Page 2 of 3

or a portion of their RNER Shares in connection with the Transactions contemplated by the Business Combination Agreement or otherwise (the "RNER Stockholder Redemptions") by (B) $7.61 divided by (ii) the aggregate number of RNER Shares issued and outstanding immediately prior to the Effective Time, after taking into account of the RNER Stockholder Redemptions (the "Per Share Consideration"), and (c) each RNER warrant issued and outstanding immediately prior to the Effective Time will be assumed by HUB Security and will become one warrant of HUB Security ("HUB Security warrant"), with the number of HUB Security ordinary shares underlying the HUB Security warrants and the exercise price of such HUB Security warrants subject to adjustment in accordance with the Business Combination Agreement and in the event of a stock split, share dividend or distribution, or any change in HUB Security's share capital by reason of any split-up, reverse share split, recapitalization, combination, reclassification, exchange of shares or other similar transaction with respect to HUB Security ordinary shares subsequent to the Effective Time.

(*See* DeFrancesco Decl., Exh. A (ECF No. 94)).

3) Please explain the mechanics of how Legacy Hub shareholders acquired HUB Security shares as part of the transactions alleged in the complaint.

Defendant Moshe responds to the Court's Question No. 3 by respectfully referring to (and incorporating herein by reference) the response provided by counsel for Defendants Hub Cyber Security Ltd. ("HUB"), Manish Agarwal, Matthew Kearney, Hugo Goldman, Uzi Moscovich, Zeev Zell, Moti Franko, and Moshe Raines.

4) Please describe, as to each named plaintiff, how they acquired their HUB Security shares (e.g., exchanged as part of the de-SPAC transaction or in the aftermarket).

Lead Plaintiffs Aryeh Agam and Shimon Aharon appear to indicate, in certifications that were ***not*** attached to the Amended Complaint, that they purchased stock in Hub after the Business Combination (i.e., not pursuant to the initial public offering). *See* ECF No. 23. The certifications do not trace the shares to the Registration Statement, including with respect to the alleged assigned claims. *Id*. Lead Plaintiffs Agam and Aharon also allegedly owned shares of Legacy Hub prior to the business combination. *Id.*

As for "Additional" Plaintiffs Rodrigue Fodjo and Dustin Green, each of those Plaintiffs allege that they purchased shares in Mount Rainier ("RNER) on February 28, 2023, after the redemption deadline, which means those purchases were neither in connection with the

 **PIERSON FERDINAND**

The Honorable Arun Subramanian
February 7, 2025
Page 3 of 3

Registration Statement nor the initial public offering. *See* ECF 20-5, 20-6. Those shares were then automatically converted to shares of HUB (the new entity) after the business combination on March 1, 2023. It appears Fodjo and Green also purchased shares HUB in the aftermarket, following the business combination. *See* ECF No. 27; Case No. 1:23-cv-06668-AS, ECF No. 1. It is impossible, on the record before the Court, to trace these purchases to the Registration Statement. *See* ECF Nos 20-5, 20-6.

Respectfully submitted,

*/s/ Aurora Cassirer*
Aurora Cassirer
Pierson Ferdinand LLP
1270 Avenue of the Americas
7th Floor—1050
New York, NY 10020
917.817.6617
aurora.cassirer@pierferd.com

cc:    Counsel of Record (via ECF)

CALIFORNIA   COLORADO   DELAWARE   FLORIDA   GEORGIA   ILLINOIS   MASSACHUSETTS   MICHIGAN   NEW JERSEY   NEW YORK   NORTH CAROLINA
OHIO   PENNSYLVANIA   TEXAS   WASHINGTON   WASHINGTON, D.C.