# EXHIBIT A



**STRATEGIC CLAIMS**
S E R V I C E S

Phone 866.274.4004
610.565.9202
Fax 610.565.7985

strategicclaims.net

December 16, 2025

**VIA CERTIFIED MAIL**

Steve Marshall
Office of the Attorney General
PO Box 300152
Montgomery, AL 36130-0152

RE:   Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear Attorney General:

Strategic Claims Services has been retained in the class action lawsuit entitled *In re Hub Cyber Security Ltd.,* Master File No. 1:23-cv-05764-AS (the "Action") to provide notices required under the Class Action Fairness Act on behalf of Defendants in the Action.  Defendants are Hub Cyber Security Ltd. ("Hub" or the "Company") f/k/a Mount Rainier Acquisition Corp. ("Mount Rainier"), Eyal Moshe, Hugo Goldman, Uzi Moscovich a/k/a Azriel Moskovic, Zeev Zell, Moshe Raines, Manish Agarwal, Moti Franko, and Matthew Kearney (collectively, "Individual Defendants"; together with Hub, "Defendants"). The Action is pending before the Honorable Arun Subramanian in the United States District Court for the Southern District of New York.

In compliance with Section 1715 of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, this letter is to advise you that a motion for preliminary approval of the settlement of the Action was filed on December 9, 2025. On December 10, 2025, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice in this case.

The settlement of the Action embodies a compromise and settlement of disputed claims.  In compliance with Section 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of the original Complaint filed in the action along with any amended Complaint is provided on the enclosed CD.

2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** As of the date of this letter, the Court has scheduled the Settlement Hearing on June 29, 2026 at 11:00 a.m.

3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the *Long Notice* is enclosed on the CD entitled "*Ex. A-1 – Long Notice," "Ex. A-3 – Summary Notice,"* as well as "*Ex. A-4 – Postcard Notice."*

4. **28 U.S.C. § 1715(b)(4) – Proposed Class Action Settlement:** A copy of the parties' *Stipulation and Agreement of Settlement* with Exhibits is provided on the enclosed CD.

5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** The parties also contemporaneously agreed to a confidential Supplemental Agreement, which is referenced in the Stipulation of Settlement, and which was not filed with the Court.  As described in the Stipulation of Settlement, and as is customary in securities class action settlements, the purpose of the confidential Supplemental Agreement is to provide the Settling Defendants with the option to terminate the Settlement if timely requests for exclusion from the class are submitted by eligible class members who/that meet the conditions set forth in the Supplemental Agreement. The Supplemental Agreement remains confidential and has not been included with the enclosed materials.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment:** As of the date of this letter, no final judgment has been issued by the Court.

**600 North Jackson Street • Suite 205 • Media, PA 19063**

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimated Proportionate Share:** Pursuant to 28 U.S.C. § 1715(b)(7)(A), CAFA also requires a defendant, "if feasible," to provide the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement. Because most of securities at issue are likely held in "street name," it is not feasible to provide the names of all class members who reside in each state, or to provide the estimated proportionate share of the claims of such members to the settlement. For the same reason, it is not feasible at this time to provide a reasonable estimate of the number of class members residing in each state or the estimated proportionate share of the claims of such members to the settlement.

8. **28 U.S.C. § 1715(b)(8) – Any Written Judicial Opinion Relating to the Materials Described in (3) Through (6) Above:** As of the date of this CAFA notice, the Court has not issued a judicial opinion related to the settlement. When filed, a copy of any order or decision related to approval of the settlement or final judgment will be available on the Court's public docket via PACER.

If you have any questions or for any reason believe the enclosed information does not fully comply with Section 1715, please contact the Counsel for Defendants identified below, to address any concerns or questions that you may have.

**Counsel for Defendants**
Pillsbury Winthrop Shaw Pittman LLP
Ari M. Berman, Esq.
31 West 52nd Street
New York, NY 10019

-and-

Pierson Ferdinand LLP
Aurora Cassirer, Esq.
1270 Avenue of the Americas, 7th Floor
New York, NY 10020

Sincerely,

Strategic Claims Services

By: Matthew Shillady
Title: Director of Operations

Enclosure – CD

**600 North Jackson Street • Suite 205 • Media, PA 19063**